UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VERANO LAND GROUP, LP, | 2:13-CV-939 JCM (CWH) |
| Plaintiff(s), | |
| v. | |
| VTLM TEXAS LP, et al., | |
| Defendant(s). | |

**ORDER**

Presently before the court is plaintiff Verano Land Group, LP's motion to remand. (Doc. # 18). Defendants Fulbright & Jaworski LLP and Jane Macon filed a response in opposition (doc. # 38) to which plaintiff replied (doc. # 46). Additionally, defendant VLTM Texas, L.P. filed a response in opposition (doc. # 44) to which plaintiff replied (doc. # 50).

**I.     Background**

This case involves defendant, VTLM, Texas, LP ("VTLM"), and a web of entities and individuals, most of which are Nevada residents, as well as lawsuits in Nevada and Texas. Plaintiff, a Nevada limited partnership, raised approximately $65 million from Nevada investors for a real estate investment in San Antonio, Texas. Plaintiff alleges that plaintiff's former managers and a handful of their alter egos used their control over plaintiff to pursue their own self-dealing agendas resulting in damage to plaintiff and its investors.

Plaintiff's complaint was originally filed in state court on January 30, 2012, alleging exclusively state-law claims for fiduciary breaches, tortious interference, conversion, unjust

**James C. Mahan**
**U.S. District Judge**

enrichment, breach of contract, bad faith, conspiracy, declaratory relief, and professional negligence.

The procedural history of this case in state court is vast, and involves numerous disputes over whether Nevada is the proper forum for this action, including a decision by the Nevada Supreme Court. This case was designated as complex under rule 16.1(f) of the Nevada Rules of Civil Procedure, six depositions have been taken, tens of thousands of pages of documents have been produced in discovery, written discovery has been exchanged, and the state court docket reflects that there were approximately 211 filings and 23 hearings in this matter. Despite several challenges by defendant VLTM, Nevada state courts consistently held that Nevada is a proper forum for this action.

However, the case now becomes before the court because VLTM filed a chapter 11 bankruptcy petition in the Western District of Texas. Subsequently, VLTM removed this case from Nevada state court, citing federal bankruptcy rules and statutes as the basis for jurisdiction.

In the instant motion, plaintiff requests that this court exercise its prerogative to remand this case to state court on equitable grounds. Plaintiff alternatively argues that the doctrine of mandatory abstention applies and therefore the court must remand this case to Nevada state court.

For the reasons that follow, this court finds that equitable remand is appropriate in this case, and thus will grant plaintiff's motion. As the court makes its finding on equitable remand grounds, it need not reach the question as to whether it would be required to remand pursuant to 28 U.S.C. §1334(c)(2).

**II.   Discussion**

a. Legal Standard

District courts "shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334. This statute forms the core of the federal district court's related-to-bankruptcy jurisdiction. The Ninth Circuit has explained that "an action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988). Therefore, where the "outcome [of an action] could conceivably have any effect

**James C. Mahan**
**U.S. District Judge**

- 2 -

on the estate being administered in bankruptcy" a federal court may exercise jurisdiction under the doctrine of related-to-bankruptcy jurisdiction. *Id.*

A defendant may remove any action within the purview of the related-to-bankruptcy jurisdiction statute. *See* 28 U.S.C. § 1452(a). However, the plaintiff may move to remand "such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). "Equitable grounds' are understood to be what is 'reasonable, fair, and appropriate" and generally include "forum non conveniens; judicial economy, prompt, final resolution of disputes; respect for state courts on issues of state law; and the expertise of the court in which the matter was pending originally." *In re Hotel Mt. Lassen, Inc.*, 207 B.R. 935, 942 (Bankr. E.D. Cal. 1997) (quoting *Things Remembered, Inc. v. Petrarca*, 116 S. Ct. 494, 499-500 (1995) (Ginsburg, J., concurring)); *In re Marathon Home Loans*, 96 B.R. 296, 299 (Bankr. E.D. Cal. 1989).

b. Analysis

Plaintiff argues that equitable remand is appropriate in this case because Nevada state courts have developed expertise in the issues of this case by overseeing reviewing the 211 filings and overseeing 23 hearings in the 16 months this matter was before them. It argues that because Nevada state courts are so familiar with the parties, facts, and procedural history, that remand will facilitate the most quick and efficient way to ensure a fair resolution of the issues in this case. Finally plaintiff argues that equitable remand is appropriate because this case involves only claims under Nevada state law and six of the nine defendants in this action are citizens of Nevada.

On these matters, defendants merely respond with arguments as to why this matter would be better resolved in Texas. They state that similar lawsuits in Texas and Nevada have the possibility of producing inconsistent results, that it is inefficient to use judicial resources in both jurisdictions on cases involving the same parties and related facts. They also argue that this case cannot be resolved until the bankruptcy proceedings in the Western District of Texas are concluded.

In fact, defendants' arguments simply reinforce plaintiff's claim that equitable remand is appropriate in this case. Nevada state courts, including the Nevada Supreme Court spent nearly sixteen months deciding whether Nevada was the proper forum for this action. Defendants now seek

James C. Mahan
U.S. District Judge

- 3 -

to rehash many of those same arguments in this court hoping for a different result. Furthermore, even if defendants' assertion is true that this case cannot be resolved until the bankruptcy proceedings are concluded, it is unclear why this fact would indicate that this case should sit in Nevada federal court rather than Nevada state court.

Nevada state courts developed significant experience with the facts and legal disputes in this case in the sixteen months it was pending before them. It is not the role of this court to give parties a second bite at the apple by reviewing decisions made by state courts. Furthermore, all of the issues in this case arise under Nevada law and a strong majority of the parties are Nevada citizens. Therefore, for reasons of judicial economy, respect for the decisions of the state court, and because the issues of state law overwhelmingly predominate over any bankruptcy issues in the instant case, the court will grant plaintiff's motion to remand.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion to remand (doc. # 18) be, and the same hereby is, GRANTED.

DATED January 30, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -